IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00087 CMA-KMT

UNITED STATES OF AMERICA, for the use and benefit of HUDSPETH & ASSOCIATES, INC., a Colorado corporation,

    Plaintiff,

v.

CENTERRE CONSTRUCTION, a Colorado Corporation;
MATSUO ENGINEERING, LLC, a Colorado Limited Liability Company;
MATSUO ENGINEERING CENTERRE CONSTRUCTION, a Joint Venture;
MATSUO-CENTERRE A JOINT VENTURE, LLC, a Colorado Limited Liability Company; and
BERKLEY REGIONAL INSURANCE COMPANY, a Delaware corporation,

    Defendants and Third Party Plaintiffs.

vs.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland Company

    Third-Party Defendant.

**DEFENDANTS/THIRD-PARTY PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE MOTION PURSUANT TO FED. R. EVID. 702 AND FOR ENLARGEMENT OF TIME TO FILE SUCH MOTION**

Defendants/Third-Party Plaintiffs, by and through undersigned counsel, hereby move this Court for an Order granting the parties in this case leave to file their respective Motion(s) Pursuant to Fed. R. Evid. 702, and extending the deadline by which the parties must file such motion(s) to March 10, 2015 or, in the alternative, February 24, 2015.

Pursuant to Judge Christine M. Arguello's Civil Practice Standards, No. 7.1C (entitled "Motions Pursuant to Fed. R. Evid. 702"), motions made pursuant to Fed. R. Evid. 702 ("702 Motions") should typically be filed no later than seventy (70) days prior

to the Final Trial Preparation Conference. Pursuant to the original April 15, 2014 scheduling order entered by the Court in this case ("Scheduling Order," D.I. #30), the Final Pretrial Conference for this case was set for March 17, 2015 at 9:45 (Scheduling Order, D.I. #30, p. 13, 10(b)). Accordingly, pursuant to Civil Practice Standard 7.1C, 702 Motions were to be filed no later than January 6, 2015.[1] Had the Scheduling Order remained unchanged, it would have been entirely possible for the parties to meet this filing deadline. The Scheduling Order set the deadlines for expert disclosures and rebuttal expert disclosures as October 24, 2014 and November 21, 2014, respectively. Accordingly, the parties would have had adequate time to review the disclosures and determine whether a 702 Motion was appropriate prior to January 6, 2015.

However, pursuant to this Court's October 8, 2014 Minute Order ("Revised Scheduling Order" D.I. #48), the deadline for the submission of expert disclosures was extended. The deadline to submit expert disclosures was enlarged eighty-four (84) days, from October 24, 2014 to January 16, 2015. (Revised Scheduling Order). The deadline to submit rebuttal expert disclosures was similarly enlarged eighty-four (84) days, from November 21, 2014 to February 13, 2015. (Revised Scheduling Order). No other scheduling deadlines were modified.

Due to the extension of the expert disclosure deadlines, the parties did not exchange rebuttal expert disclosures until last Friday, February 13, 2015. Indeed, parties did not exchange even *initial* expert disclosures until after January 6, 2015. In short, given the dates for expert disclosures set forth in the October 8, 2014 Revised

---

[1] Pursuant to the Civil Practice Standards of Magistrate Judge Kathleen M. Tafoya, Section III.J., a Motion pursuant to Fed. R. Evid. 702 should have been filed on the date dispositive motions were due: in this case, January 24, 2015 (Scheduling Order, D.I. #30). It is nonetheless our understanding that the deadlines set forth in Judge Arguello's Civil Practice Standards govern this particular motion.

Scheduling Order, it would have been impossible to comply with the January 6, 2015 702 Motions deadline imposed by Civil Practice Standard 7.1C.[2]

Based on the expert disclosures received from Plaintiff on January 16, 2015 and February 13, 2015, Defendants/Third-Party Plaintiffs believe they have a good faith basis to challenge the purported "expert" status of Plaintiff's proposed "experts" and/or to challenge the admissibility of several of their purported "expert'" opinions.  By way of summary, the individuals proposed by Plaintiff lack the necessary credentials and experience to qualify as expert witnesses.  Moreover, many of the proposed "opinions and facts" about which Plaintiff's purported experts will testify, as set forth in Plaintiff's expert disclosures, are not appropriate "expert" opinions pursuant to the Federal Rules of Evidence.  Rather, the many of the proposed topics of testimony constitute pure lay opinion or, in some cases, nothing more than fact testimony concerning the events on the job site.  Defendants/Third-Party Plaintiffs would like an opportunity to address these evidentiary issues prior to trial.  Moreover, Defendants/Third-Party Plaintiffs submit that it would be in the Court's best interest, and would promote judicial economy, if the admissibility of Plaintiff's proposed "expert" witness testimony could be addressed – and the scope of testimony potentially limited – prior to trial.[3]

For the foregoing reasons, Defendants/Third-Party Plaintiffs respectfully move this Court for an Order granting the parties in this case leave to file their respective Motion(s) Pursuant to Fed. R. Evid. 702, and extending the deadline by which the parties must file such motion(s) to March 10, 2015 -- the day upon which the parties'

---

[2] It would also have been impossible to comply with Judge Tafoya's January 24, 2015 deadline, as this would have given the parties an inadequate amount of time to analyze the disclosures, research and draft the motion.

[3] Counsel for Plaintiff and Third-Party Defendant has indicated that he might also wish to file a 702 Motion with respect to Defendants/Third-Party Plaintiffs' experts.

proposed Pretrial Order must be filed with the Court. This would constitute a sixty-three (63) day extension from the January 6, 2015 deadline. A sixty-three (63) day extension is appropriate given that the expert disclosure deadlines were extended approximately eighty-four (84) days pursuant to the October 8, 2014 Revised Scheduling Order. Moreover, this time is needed because the motions must be quite detailed in order to comply with the guidelines set forth Civil Practice Standard 7.1C, and, therefore, require significant drafting time. Defendants/Third-Party Plaintiffs believe that a March 10, 2015 deadline would give the Court sufficient time to consider the motion prior to trial; although the Final Pretrial Conference is scheduled for March 17, 2015, this Court has previously indicated that trial itself will likely not take place until late summer or early fall of 2015.

However, in the event that the Court believes that a March 10, 2015 deadline would not give the Court adequate time to consider a 702 Motion, Defendants/Third-Party Plaintiffs respectfully request an extension of time to file a 702 Motion until February 24, 2015 – the day upon which the parties' Motions in Limine are due (*see* Judge Christine M. Arguello Civil Practice Standard 7.1B, "Motions in Limine"). This would constitute a forty-nine (49) day extension from the current January 6, 2015 deadline.

No previous extensions of this deadline have been granted. The sole enlargement of time in this case was the extension of the expert disclosure deadlines pursuant to the October 8, 2014 Revised Scheduling Order. Defendants/Third-Party Plaintiffs' Counsel has contacted Counsel for Plaintiff and Third-Party Defendant, and

Counsel for Plaintiff and Third Party Defendant has indicated that he does not oppose the enlargement of the deadline by which the parties must file their 702 Motions.[4]

WHEREFORE, Defendants/Third-Party Plaintiffs respectfully request that this Court enter an order in attached form, granting the parties leave to file a Motion Pursuant to Fed. R. Evid. 702, and enlarging the deadline by which the parties must file that motion to March 10, 2015 or, in the alternative, February 24, 2015.

Respectfully submitted,

Dated: February 18th, 2015

*/s/ J. Douglas Scherling, Esq*.
J. Douglas Scherling, Esq.
7086 Bell Drive
Colorado Springs, CO 80920
Tel: 719-229-7739
E-mail:  JDScherling@gmail.com

*/s/ Edward T. DeLisle, Esq*
Edward T. DeLisle, Esq.
Maria L. Panichelli, Esq.
Cohen Seglias Pallas Greenhall & Furman, P.C.
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103
Tel: 215-564-1700
Fax: 215-564-3066
E-mail: edelisle@cohenseglias.com

Attorneys for Defendants/Third-Party Plaintiffs
Centerre Construction, Inc.
Matsuo Engineering, LLC
Matsuo Engineering Centerre Construction A Joint Venture
Matsuo-Centerre A Joint Venture, LLC, and
Berkley Regional Insurance Company

---

[4] Counsel for Plaintiff and Third-Party Defendant has further indicated that he must, however, oppose Defendants/Third-Party Plaintiffs' position concerning the merits of their forthcoming 702 Motion (i.e. qualifications of Plaintiff's purported experts and the admissibility of those experts' proposed areas of testimony).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00087 CMA-KMT

UNITED STATES OF AMERICA, for the use and benefit of HUDSPETH & ASSOCIATES, INC., a Colorado corporation,

 Plaintiff,

v.

CENTERRE CONSTRUCTION, a Colorado Corporation;
MATSUO ENGINEERING, LLC, a Colorado Limited Liability Company;
MATSUO ENGINEERING CENTERRE CONSTRUCTION, a Joint Venture;
MATSUO-CENTERRE A JOINT VENTURE, LLC, a Colorado Limited Liability Company; and
BERKLEY REGIONAL INSURANCE COMPANY, a Delaware corporation,

 Defendants and Third Party Plaintiffs.

vs.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland Company

 Third-Party Defendant.

**ORDER GRANTING DEFENDANTS/THIRD-PARTY PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE MOTION PURSUANT TO FED. R. EVID. 702 AND FOR ENLARGEMENT OF TIME TO FILE SUCH MOTION**

Upon consideration of Defendants/Third-Party Plaintiffs' Motion For Leave to file a Motion Pursuant to Fed. R. Evid. 702 and for Enlargement of Time to File Such Motion, I hereby ORDER that such motion is GRANTED.

The parties in this case are hereby granted leave to file a Motion Pursuant to Fed. R. Evid. 702, and must do so no later than _____ 2015.

            _____

            J.