IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00087 CMA-KMT

UNITED STATES OF AMERICA, for the use and benefit of HUDSPETH & ASSOCIATES, INC., a Colorado corporation,

    Plaintiff,

v.

CENTERRE CONSTRUCTION, a Colorado Corporation;
MATSUO ENGINEERING, LLC, a Colorado Limited Liability Company;
MATSUO ENGINEERING CENTERRE CONSTRUCTION, a Joint Venture;
MATSUO-CENTERRE A JOINT VENTURE, LLC, a Colorado Limited Liability Company; and
BERKLEY REGIONAL INSURANCE COMPANY, a Delaware corporation,

    Defendants and Third Party Plaintiffs.

vs.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland Company

    Third-Party Defendant.

**DEFENDANTS/THIRD-PARTY PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE NOT PRODUCED IN DISCOVERY AND HEARSAY FED. R. CIV. P 1006 SUMMARIES**

Pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 26 and 37(c), and Federal Rules of Evidence ("Fed. R. Evid.") 403, 801 and 1006, Defendants/Third-Party Plaintiffs Centerre Construction, Matsuo Engineering, LLC, Matsuo Engineering Centerre Construction, a Joint Venture, Matsuo-Centerre a Joint Venture, LLC and Berkley Regional Insurance Company (collectively, "the Defendants" or "MC") hereby move this Court for an order prohibiting Plaintiff, Hudspeth & Associates, Inc. ("Hudspeth"), from introducing or using at trial documents that Plaintiff has not

disclosed, provided or produced in discovery, including, but not limited to, those documents and testimony relating to Plaintiff's estimate and Plaintiff's alleged damages in connection with the claims set forth in the complaint, as well as documents, information, testimony, or summaries pursuant to Fed. R. Evid. 1006 that are premised upon documents that Plaintiff has not disclosed, provided or produced in discovery.

**I.     Facts**

1.     On or about April 15, 2014, this Court issued a Scheduling Order ("the Scheduling Order"), setting forth all applicable deadlines in this case. (D.I. # 30). The deadline for serving written discovery was set as September 26, 2014. The deadline for all fact discovery was set as December 19, 2014. (Scheduling Order, pp. 11-12).

2.     In their First Set of Document Requests ("Requests," Exhibit 1), served on September 18, 2014, MC sought documents related to, *inter alia*, the Plaintiff's estimate and bidding in relation to the subject project, specific change orders and amendments relating to Plaintiff's claims, and Plaintiff's alleged damages/costs. MC's Requests were received by Plaintiff's counsel on September 22, 2014. Plaintiff's responses to the Requests were, therefore, due no later than October 22, 2014. (Fed. R. Civ. P. 34).

3.     Having received no response from Plaintiff by October 22, 2014, Defendants' counsel sent Plaintiff's counsel an email on October 27, 2014, noting that there were significant omissions in the Plaintiff's Initial Disclosures and that the responses to the Requests were due, and requesting additional documents. (Exhibit 2).

4.     In the meantime, the parties scheduled the depositions of Chris Condon, Plaintiff's Project Manager, and Robert Levitt, Owner and President of Plaintiff, for November 11 and 12, 2014, respectively. Having still received no response from

Plaintiff's counsel, on November 4, 2014, Defendants' sent Plaintiff's counsel a letter. The letter requested an immediate response to the Requests. (Exhibit 3).

5. In response, on November 6, 2014, Plaintiff's counsel made certain documents available through an email file sharing program. However, these documents were not organized in a manner that was compliant with the applicable rules of Civil Procedure.

6. Included in Plaintiff's response was a spreadsheet referred to as "PIFF" (non-bates stamped document, sent as an attachment to an email Bates Stamped H&A-010918). Plaintiff's production also included a document, bates stamped H&A001—000387, which was a one page PDF related to the system employed by Plaintiff in bidding or estimating the construction project at issue.

7. During the week of November 17, 2014, MC began reviewing the documents provided by Plaintiff and soon discovered a gap in Plaintiff's Bates-Stamped responses. On November 20, 2014 MC contacted Plaintiff for an explanation; Plaintiff's counsel provided the missing files via a file sharing program on or about December 2, 2014.

8. As the above proceeded, the parties had scheduled additional depositions, including: 1) the personal deposition of Plaintiff's representative Daniel Moss on December 18, 2014; and 2) the Fed. R. Civ. P. 30(b)(6) deposition of Plaintiff's Corporate Designee(s), on December 19, 2014, the last day of the discovery period.

9. Defendants' Fed. R. Civ. P. 30(b)(6) Deposition Notice identified, *inter alia*, the following matters for examination: a) Hudspeth's damages (which had been identified in a table provided in Paragraph 64 of Plaintiff's First Amended Complaint [D.I. # 25]); b) All of Hudspeth's Applications for Payment associated with the construction project at issue; and c) each of Hudspeth's Change Order Forms associated with additional

asbestos abatement efforts undertaken by Plaintiff. Daniel Moss was ultimately selected as the 30(b)(6) designee.

10. After completing the review of Plaintiff's production and concluding it was deficient, MC's counsel sent Plaintiff's counsel a letter, advising Plaintiff's counsel that the documents provided were insufficient and unresponsive. (Exhibit 4). MC's counsel specifically noted the absence of any documents related to: Plaintiff's bid/estimate; Plaintiff's written notifications required under Contract Specification Section 02 80 13; and the claims/certified claims submitted by Plaintiff and damages claimed therein. (*Id.*)

11. During the December 18, 2014 deposition of Daniel Moss, Mr. Moss testified that the PFIF report included in Plaintiff's response to the Requests was used by Plaintiff to track costs on the subject project. (December 18, 2014 Deposition of Daniel Moss, hereinafter "Moss Personal Dep.," 166:1-167:25, relevant deposition excerpts attached as Exhibit 5). However, the PIFF produced to Defendants is incomplete and represents only a small portion of the work Plaintiff performed. Despite requests from MC, Plaintiff has failed to produce copies of the PIFFs relating to <u>all</u> work performed.

12. Mr. Moss testified that the document produced in discovery marked H&A001—000387 was a summary sheet relating to the system Plaintiff used to prepare its bids for prospective work. He further testified that this summary sheet included numbers from other parts of Plaintiff's bidding/estimating system. (Moss Personal Dep., 181:24-183:6, Ex. 5). The documents or information supporting this "summary sheet" was not produced. (*See id.*)

13. This is not the only information that has been withheld from Defendants. During the December 19, 2014 30(b)(6) deposition of Plaintiff's corporate designee, Daniel

4

Moss (hereinafter "30(b)b(6) Dep."), Mr. Moss repeatedly referred to a number of spreadsheets he had brought with him to the deposition. These spreadsheets were created by Plaintiff's employees in preparation for the 30(b)(6) deposition after reviewing change orders, amendments, and cost documents (*see* 30(b)(6) Dep., 17:14-20:17, Ex. 5). These "summary" documents, ultimately marked Exhibits 128 through 131, had never been produced prior to the 30(b)(6) Dep.

14. During his deposition, Mr. Moss could not provide complete answers to questions without reference to Exhibits 128 through 131, and, in some cases, indicated that he could not provide answers without reference to the underlying accounting systems themselves. (*See* 30(b)(6) Dep., 50:14-51:18, 54:24-56:3, Ex. 5). Moreover, during the 30(b)(6) Dep., Plaintiff's counsel indicated that, if Plaintiff's 30(b)(6) Deponent had information from Plaintiff's accounting system ". . . that would probably change the answer to your [Def.'s counsel] question." (*See* Moss 30(b)(6) Dep., 53:11-13, Ex. 5).

15. Thus, it was clear that Exhibits 128 through 131 did not contain *all* of the information included in the Plaintiff's accounting system that were pertinent to job costs relating to the Project and hence the damage inquiry that was the subject of the 30(b)(6) deposition. Rather, the documents that Mr. Moss brought with him that day represented solely Plaintiff's summary "interpretation" of that information. Recognizing that the underlying accounting data was necessary to properly analyze Plaintiff's claimed damages/costs, MC's counsel made several requests for the source documents (i.e. accounting system and other systems data) used by Plaintiff to prepare Exhibits 128 through 131. Plaintiff's counsel's refused, and indicated he would not produce those documents. (*See* Moss 30(b)(6) Dep., 51:24-52:13, Ex. 5).

16. After the deposition process concluded, MC's counsel made several additional attempts to obtain the documents/information sought throughout discovery, including the underlying accounting information upon which Exhibits 128 through 131 to the 30(b)(6) Dep. and the bidding "summary sheet" were based. (*See, e.g.* December 23, 2014 letter, Exhibit 6).

17. On January 8, 2015, Plaintiff produced a spreadsheet that purportedly included the information supporting Plaintiff's bidding "summary sheet."

18. The document pertained only to the asbestos portion of Plaintiff's bid, and lacked any detail regarding quantities, locations, or other necessary specifics from which costs could be derived. As such, it cannot represent the source material that supports the "bidding summary" sheet, referenced above. Moreover, Plaintiff failed to produce any of the other documents requested in the December 23, 2014 letter, which included, *inter alia*, requests for documents discussed during Mr. Moss' 30(b)(6) deposition.

19. Defendants sent Plaintiff's counsel another letter on January 13, 2015. In that letter, Defendants again requested the missing information relating to, *inter alia*, Plaintiff's bid and estimate, certain change orders at issue, and the Plaintiff's claimed costs/damages. The letter also requested an update regarding conduct relating to a potential software error that would have impacted Plaintiff's production; Plaintiff's counsel had promised to review his client's productions to ensure that multi-paged documents were fully produced, rather than partially produced, due to such issues. (Exhibit 7).

20. On January 23, 2015, Plaintiff responded to Defendants' request as follows: "I understand that such information to the extent it exists and as reflected in the testimony

to be not in paper format (i.e., it's in the system, not a stack of weekly or monthly "reports" in a file so to speak), so I could perhaps request that a report be generated." (Exhibit 8). In other words, he had not produced the requested information previously because it was not in paper format.

21.   To date, Defendants have not received the requested documentation.

## II.   Legal Argument

Fed. R. Civ. P. 37(c)(1) provides, in relevant part, that, if a party fails to provide information, that party is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). Rule 37 further provides that a Court may impose sanctions upon a party who has failed to fulfill its discovery obligations. (Fed. R. Civ. P. 37(c)(1)(C); Fed. R. Civ. P. 37(b)(2)(A)(i)—(vi)). These sanctions include, *inter alia*, prohibiting the party from supporting or opposing certain claims or from introducing the undisclosed materials into evidence. (Fed. R. Civ. P. 37(b)(2)(A)(i)—(vi)). The Courts have, therefore, held that Rule 37(c)(1) bars the use of information that was not properly disclosed during discovery at trial. *E.g. Jama v. City & Cnty. of Denver,* 280 F.R.D. 581, 584 (D. Colo. 2012) *aff'd,* No. 08-CV-01693-MSK-KLM, 2014 WL 2610015 (D. Colo. June 6, 2014).

As set forth above, Plaintiff has failed, and in some cases, blatantly refused, to provide Defendants with certain critical documents requested by Defendants, including, but not limited to: (a) documents relating to Plaintiff's bidding/estimating system and, specifically, Plaintiff's bid on this very project, including all backup or supporting documentation for the "summary spreadsheet" marked H&A001—000387; (b) documents relating to the change orders relevant to the claims at issue in this case; (c)

documents relating to Plaintiff's claimed costs and damages in this case, including, but not limited to, the accounting information upon which Exhibits 128 through 131 to the Moss 30(b)(6) Dep. are based. What little information was produced to Defendants was produced in incomplete form and on the last day of the discovery period, during a 30(b)(6) deposition. Pursuant to Fed. R. Civ. P. 37, Plaintiff should be precluded from introducing or using at trial the documents requested by, but not produced to, MC.

The Plaintiff's summaries themselves should also be excluded. They are hearsay (Fed. R. Evid. 801) not subject to any exception. Moreover, proponents may use summary charts or calculations to prove the content of voluminous records **only where: 1) the underlying documents cannot be conveniently examined in court; and 2) the originals are made available for inspection.** Fed. R. Civ. P. 1006 (emphasis added). Neither condition has been satisfied here. Rather, the Plaintiff has provided unsupported hearsay summaries of the costs incurred and damages alleged in this case, but steadfastly refused to provide MC with the supporting documentation. Defendants have, therefore, been unable to test the information in any meaningful way. In Defendants' view, these summaries are, therefore, unreliable and potentially misleading to a jury. Fed. R. Evid. 403. For these reasons, these documents are not admissible and Plaintiff should be precluded from introducing them at trial.

III.  **Conclusion**

For the foregoing reasons, Defendants respectfully request that this Court enter an order, granting MC's motion *in limine* and precluding the Plaintiff from: (1) introducing or otherwise utilizing any documents not produced in discovery as well as any Fed. R. Civ. P. 1006 summaries thereof; (2) introducing any testimony pertaining thereto.

Respectfully submitted,

Dated: February 24, 2015

*/s/ J. Douglas Scherling, Esq.*
J. Douglas Scherling, Esq.
7086 Bell Drive
Colorado Springs, CO 80920
Tel: 719-229-7739
E-mail:  JDScherling@gmail.com

*/s/ Edward T. DeLisle, Esq.*
Edward T. DeLisle, Esq.
Cohen Seglias Pallas Greenhall & Furman, P.C.
United Plaza, 19th Floor, 30 South 17th Street
Philadelphia, PA 19103
Tel: 215-564-1700  Fax: 215-564-3066
edelisle@cohenseglias.com

*Attorneys for Defendants Centerre Construction, Inc.*
*Matsuo Engineering, LLC, Matsuo Engineering*
*Centerre Construction A Joint Venture*
*Matsuo-Centerre A Joint Venture, LLC, and*
*Berkley Regional Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2015 a true and correct copy of the foregoing DEFENDANTS/THIRD-PARTY PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE NOT PRODUCED IN DISCOVERY AND HEARSAY FED. R. CIV. P 1006 SUMMARIES [D.I. #52] was filed with the clerk of court via CM/ECF which will send an email notification of this filing to the following individuals:

> Reed F. Morris, Esq.
> Craig T. Watrous, Esq.
> Mallon & Lonnquist, LLC
> 3200 Chery Creek South Drive
> Denver, CO 80209
> *Attorneys for the Plaintiff*

In addition, a true and correct copy of the foregoing 2015 a true and correct copy of the foregoing DEFENDANTS/THIRD-PARTY PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE NOT PRODUCED IN DISCOVERY AND HEARSAY FED. R. CIV. P 1006 SUMMARIES [D.I. #52] was served via email and U.S. mail on the following individuals and agents:

Steve Hritz, President  
Centerre Construction, Inc.  
4100 E. Mississippi Avenue, Suite 1225  
Denver, CO 80246.

Allan Matsuo, Principal  
Matsuo Engineering, LLC  
760 Devinney Ct.  
Golden, CO, 80401

Allan Matsuo, Managing Partner  
Matsuo Engineering Centerre Construction a JV  
760 Devinney Ct.  
Golden, CO, 80401

Allan Matsuo, Manager  
Matsuo-Centerre A JV, LLC  
1888 Sherman Street, Suite 760  
Denver, CO 80203

Allan Matsuo, Managing Partner  
Matsuo Engineering Centerre Construction a Joint Venture, LLC  
760 Devinney Ct.  
Golden, CO, 80401

Ellen M. Cavallaro AVP  
Surety Claims Berkley Surety Group, a Berkley Company  
412 Mt. Kemble Avenue, Suite 310N  
Morristown, NJ 07960

          /s/ J. Douglas Scherling  
          J. Douglas Scherling, Esq.