IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00087 CMA-KMT

UNITED STATES OF AMERICA, for the use and benefit of HUDSPETH &
ASSOCIATES, INC., a Colorado corporation,

        Plaintiff,

v.

CENTERRE CONSTRUCTION, a Colorado Corporation;
MATSUO ENGINEERING, LLC, a Colorado Limited Liability Company;
MATSUO ENGINEERING CENTERRE CONSTRUCTION, a Joint Venture;
MATSUO-CENTERRE A JOINT VENTURE, LLC, a Colorado Limited Liability
Company; and
BERKLEY REGIONAL INSURANCE COMPANY, a Delaware corporation,

        Defendants and Third Party Plaintiffs.

vs.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland Company

        Third-Party Defendant.

---

## DEFENDANTS/THIRD-PARTY PLAINTIFFS' OPPOSITION
## TO PLAINTIFF'S MOTION IN LIMINE

---

        Defendants/Third-Party Plaintiffs Centerre Construction, Matsuo Engineering, LLC,

Matsuo Engineering Centerre Construction, a Joint Venture, Matsuo-Centerre a Joint Venture,

LLC and Berkley Regional Insurance Company (collectively "the Defendants"), by and through

undersigned counsel, hereby oppose the Motion in Limine of Plaintiff Hudspeth & Associates

and Third- Party Defendant Fidelity and Deposit Company of Maryland (collectively

"Hudspeth") to exclude evidence of "Adjusted Unit Prices," i.e. the price Defendants calculated

to represent Hudspeth's unit price for asbestos abatement excluding containment construction costs.

Although not framed as such, Hudspeth offers two bases for this Court to exclude this evidence.  First, Hudspeth argues that the evidence is irrelevant under Rules 401 and 402 of the Federal Rules of Evidence ("Fed. R. Evid.") and prejudicial because: (a) Defendants failed to plead fraudulent inducement as a basis to rescind certain Subcontract amendments; and (b) because the Adjusted Unit Prices are not the correct prices to use in the event of rescission. Second, Hudspeth argues that the Adjusted Unit Prices are so low as to prejudice Hudspeth in a way that outweighs any probative value of the Adjusted Unit Prices.

Neither of these arguments provides a basis for the Court to exclude the evidence of Adjusted Unit Prices, which are necessary (and therefore relevant) to compute damages for Defendants' claims for breach of contract, misrepresentation, and breach of the duty of good faith and fair dealing.  Moreover, evidence of Hudspeth's Adjusted Unit Prices is not prejudicial to Hudspeth in any way.  In fact, Hudspeth offers no reason that the Adjusted Unit Prices are prejudicial at all.  Accordingly, as explained in more detail below, the Court should deny Hudspeth's motion in limine.

## 1.      Evidence of Adjusted Unit Prices is Directly Relevant to Defendants' Claims

Hudspeth contends that the Adjusted Unit Prices are irrelevant for two reasons:   (1) because Defendants have no basis to rescind the Subcontract amendments, there is no need to replace the rates in the Subcontract amendments with the Adjusted Unit Prices; and (2) even if the Subcontract amendments are rescinded, the unit prices revert to the status quo, not an adjusted rate calculated by Defendants. (Hudspeth Motion at 4, 5).  In making these arguments,

Hudspeth misunderstands Defendants' defenses and wholly ignores Defendants' counterclaims for breach of contract, misrepresentation, and breach of the duty of good faith and fair dealing. The Court should deny Hudspeth's motions for the following three reasons: (1) the Adjusted Unit Prices are relevant to both Defendants' defenses and counterclaims; (2) Hudspeth did not fail to plead a basis for rescission; and (3) Hudspeth's misrepresentations taint the unit prices in the Subcontract itself, so the Adjusted Unit Prices are relevant even after the Subcontract amendments are rescinded.  Defendants will address the basis for denial in the order presented.

### a.    The Adjusted Unit Prices are Relevant.

The evidence of the "Adjusted Unit Prices" is relevant to Defendants' claims and defenses. "Evidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; see also Fed. R. Evid. 402 (relevant evidence is admissible).  As described below, that Hudspeth inflated its unit prices through the improper and concealed inclusion of containment construction costs is of consequence in this action and the Adjusted Unit Rates are directly relevant to that fact.

Hudspeth represented in the Subcontract agreement and its bid packet that the $47/lineal feet ("LF") unit price " 'to remove and properly dispose of pipe insulation (per lineal foot)' did not include containment construction costs." (Counterclaim ¶ 125).  But, in April 2012, Hudspeth admitted that the $47/LF included containment construction costs.  (Id. ¶ 126). Hudspeth then proceeded to continue to use rates that included containment construction costs ($47/LF, $40/LF, and $38/LF) as part of change order requests (and the resulting Subcontract

amendments) for removal of asbestos containing pipe sealant and insulation.   (Counterclaim ¶¶ 127-132).

The parties negotiated Subcontract amendments 2, 12, 15, 18, 22, 28, 33, 34, 37, 39, 42 and 52 using the misrepresented unit rates and Defendants rescinded those amendments on that basis.  (Counterclaim ¶¶ 111, 135).[1]  The misrepresented unit prices are pertinent to Defendants' defenses (Answer at ¶¶ 117 (lack of meeting of the minds), 119 (unclean hands), 143 (back charges), as well as Defendants' breach of contract counterclaim (Counterclaim at ¶¶ 114, 118), Defendants' misrepresentation counterclaim (id. at ¶¶ 123-37), and Defendants' breach of the duty of good faith and fair dealing counterclaim (id. at ¶¶ 140-41).

Defendants calculated the "Adjusted Unit Rates" by removing those parts of Hudspeth's unit rates that were attributable to construction containment costs, which the Subcontract stated were not to be included in the unit rates.   Defendants used these Adjusted Unit Rates to determine the amount by which they overpaid Hudspeth,  as well their counterclaim damages.

### b.      Defendants Pled Misrepresentation, As Admitted by Hudspeth.

Hudspeth tried to avoid the inevitable conclusion that the Adjusted Unit Rates are relevant by arguing that Defendants did not sufficiently plead a basis for rescission. (Hudspeth Motion at 4).  As an initial matter, Hudspeth has provided no authority that a Court may grant a motion in limine based upon an anticipated failure of proof at trial, especially where, as here, Hudspeth states that it intends to dispute "the merits" of whether "there was any misrepresentation" at trial.  (Id. at 4).  Such an argument is inherently circular as the Court

---

[1] Hudspeth's claim that the parties "mutually agreed" on the Subcontract amendments (Hudspeth Motion at 2) is untrue as, due to Hudspeth's misrepresentations, there was never a meeting of the minds as to the unit prices.

cannot determine what has been established at trial prior to trial.  As discussed above, Defendants has alleged a basis for rescission based on misrepresentations.  Hudspeth asks this Court to exclude evidence of Defendants' damages based on the alleged failure to prove misrepresentation.  The Court cannot make such a determination until Defendants present their evidence at trial and, therefore, the Court should deny Hudspeth's motion in limine for this reason alone.

As Hudspeth concedes, rescission is available to a party where there is "fraud or a special reason."  (Id. at 4 citing Western Airlines, Inc. v. Hollenbeck, 235 P.2d 792, 796 (Colo. 1951)).  Hudspeth fails to note that the same case also recognizes that "[a] meeting of the minds of contracting parties is required . . . to make a contract."  Hollenbeck, 235 P.2d at 796.  Here, because Hudspeth deceived Defendants into believing the agreed-upon prices did not include containment construction costs, there was no meeting of the minds.  On this basis, a special reason (misrepresentation) exists to rescind the Subcontract amendments.

Further, at trial, Defendants will prove the elements of fraudulent inducement as recited by Hudspeth.  (Hudspeth Motion at 4-5); see also Granite Southlands Town Center, LLC v. Provost, 445 Fed. App'x 72, 75 (10th Cir. 2011) (citing M.D.C./Wood, Inc. v. Mortimer, 866 P.2d 1380, 1382 (Colo. 1994); Nielson v. Scott, 53 P.3d 777, 779 (Colo. App. 2002)) ("The elements of fraudulent inducement are: (1) the defendant made a fraudulent misrepresentation of fact or knowingly failed to disclose a fact that defendant had a duty to disclose; (2) the fact was material; (3) the plaintiff relied on the misrepresentation or failure to disclose; (4) the plaintiff's reliance was justified; and (5) the reliance resulted in damage to the plaintiff.").

At trial, Defendants will establish that (1) Hudspeth misrepresented and/or concealed that its rates included construction containment costs (see supra at 3-4); (2) Hudspeth knew that its unit prices included construction containment costs (Answer to Counterclaim at ¶¶ 118, 120); (3) Defendants were unaware that Hudspeth's unit prices included construction containment costs; (4) Hudspeth used those unit prices in the Subcontract and change orders to induce Defendants to make payments and issue subcontract amendments based on those unit prices; and (5) that Defendants did make payments and issue subcontract amendments using the misrepresented unit prices. Accordingly, by providing evidence to prove the allegations in its Counterclaim at trial, Defendants will satisfy the elements of fraudulent inducement.

### c.   The Adjusted Unit Prices Remain Relevant After the Subcontract Amendments are Rescinded.

Finally, Hudspeth's argues that rescission of the Subcontract amendments would result in a return to the subcontract amount, not an Adjusted Unit Price, making the Adjusted Unit Prices irrelevant.   (Hudspeth Motion at 5).   Hudspeth conveniently ignores that Defendants have alleged that Hudspeth misrepresented the unit price in the Subcontract itself as <u>not</u> containing the containment construction costs, despite the fact that containment costs <u>were</u> a part of those unit costs.  Including construction containment costs in the unite rates at issue was contrary to the terms of the Subcontract.  Hudspeth is not entitled to payment at the original Subcontract rate. The Adjusted Unit Prices are necessary to determine the amount by which Hudspeth overcharged Defendants.  Accordingly, there is no basis to conclude that evidence regarding the Adjusted Unit Prices is not both relevant and admissible.

Finally, these arguments do not address the relevance of this evidence to Defendants' other defenses to Hudspeth's claims or Hudspeth's breach of contract, misrepresentation, and

breach of the duty of good faith and fair dealing, which do not require the remedy of rescission. The Adjusted Unit Prices are relevant to all of these claims and defenses and the evidence regarding them is admissible under Fed. R. Evid. 401 and 402.

**2.      The Adjusted Unit Prices are Not Prejudicial to Hudspeth**

Contrary to Hudspeth's motion, there is no basis to exclude the relevant evidence of "Adjusted Unit Prices" pursuant to Fed. R. Evid. 403.  Hudspeth moves this Court to make an "[a]dvance[d] ruling on unduly prejudicial evidence" and to exclude "irrelevant exhibits and testimony based on secondhand information that are overly prejudicial and waste the Court's time." (Hudspeth Motion at 3).

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  As the cases cited by Hudspeth make clear, the "'unfair prejudice' stated in Rule 403 cannot be equated with testimony which is simply unfavorable to a party.  It must be unfair in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case."  McEwen v. City of Norman, Okl., 926 F.2d 1539, 1549-50 (10th Cir. 1991) (finding evidence of alcohol impairment on the ability to drive was relevant and material to determine the cause of a collision of a motorcycle with a police car); see also Aerotech Resources, Inc. v. Dodson Aviation, Inc., 91 Fed App'x 37, 46 (10th Cir. 2004) (affirming exclusion of evidence of a bribe where party that terminated its relationship with plaintiff learned of the bribe after making the termination decision).

As discussed above, the Adjusted Unit Prices are significantly probative as to the amount of damages in the counterclaims.  The only prejudice cited by Hudspeth is that the "evidence is designed to be a significantly lower number than the amounts Hudspeth would be entitled to under either the Subcontract or the Subcontract amendments in question."  (Hudspeth Motion at 6-7).  This is a far cry from an irrelevant bribery allegation or the potential for prejudice against a drunk driver.  See McEwen, 926 F.2d at 1549-50; Aerotech, 91 Fed App'x at 46.  Hudspeth makes no attempt to argue how this lower price would mislead the jury.  Indeed, the Adjusted Unit Prices are merely Defendants calculation of the actual price of Hudspeth's services once the containment construction costs are removed (as they should be based upon the Subcontract).  As Hudspeth concedes on page 4 of its motion, the jury will have to decide whether Hudspeth misrepresented its prices.  If they so decide, the jury will also determine what Hudspeth's actual prices excluding containment were on the project to calculate damages.  The evidence of the Adjusted Unit Prices, no matter how much lower that value is than Hudspeth's prices, will not mislead the jury at all.  Rather, it will be instrumental in determining whether there was a misrepresentation and, if so, the proper amount of damages to award if any.   Simply put, there is nothing about a unit rate for services that would prejudice the jury against Hudspeth or mislead the jury in any way.

In sum, Defendants' evidence of Adjusted Unit Prices is relevant and not prejudicial. Because there is no prejudice, it cannot outweigh the Adjusted Unit Prices' probative value.  As such, the Court should deny Hudspeth's motion in limine.

WHEREFORE, Defendants/Third-Party Plaintiffs respectfully request that this Court enter an order in attached form, denying Hudspeth's motion in limine.

Respectfully submitted,

Dated: March 10, 2015

*/s/ J. Douglas Scherling, Esq*.
J. Douglas Scherling, Esq.
7086 Bell Drive
Colorado Springs, CO 80920
Tel: 719-229-7739
E-mail:  JDScherling@gmail.com

*/s/ Edward T. DeLisle, Esq*
Edward T. DeLisle, Esq.
Maria L. Panichelli, Esq.
Cohen Seglias Pallas Greenhall & Furman, P.C.
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103
Tel: 215-564-1700
Fax: 215-564-3066
E-mail: edelisle@cohenseglias.com

Attorneys for Defendants/Third-Party Plaintiffs
Centerre Construction, Inc.
Matsuo Engineering, LLC
Matsuo Engineering Centerre Construction A Joint Venture
Matsuo-Centerre A Joint Venture, LLC, and
Berkley Regional Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00087 CMA-KMT

UNITED STATES OF AMERICA, for the use and benefit of HUDSPETH &
ASSOCIATES, INC., a Colorado corporation,

     Plaintiff,

v.

CENTERRE CONSTRUCTION, a Colorado Corporation;
MATSUO ENGINEERING, LLC, a Colorado Limited Liability Company;
MATSUO ENGINEERING CENTERRE CONSTRUCTION, a Joint Venture;
MATSUO-CENTERRE A JOINT VENTURE, LLC, a Colorado Limited Liability
Company; and
BERKLEY REGIONAL INSURANCE COMPANY, a Delaware corporation,

     Defendants and Third Party Plaintiffs.

vs.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland Company

     Third-Party Defendant.

## ORDER

Upon consideration of Defendants/Third-Party Plaintiffs' Motion in Limine and the response thereto, I hereby ORDER that such motion is DENIED.

_____

J.

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2015 a true and correct copy of foregoing

**_Defendants/Third Party Plaintiffs' Opposition to Plaintiff's Motion in Limine_** was filed with

the clerk of court via CM/ECF which will send an email notification of this filing to the

following individuals:

> Reed F. Morris, Esq.
> Craig T. Watrous, Esq.
> Mallon & Lonnquist, LLC
> 3200 Chery Creek South Drive
> Denver, CO 80209
> *Attorneys for the Plaintiff*

> */s/ J. Douglas Scherling, Esq.*
> J. Douglas Scherling, Esq.
> 7086 Bell Drive
> Colorado Springs, CO 80920
> Tel: 719-229-7739
> E-mail:  JDScherling@gmail.com

> */s/ Edward T. DeLisle, Esq.*
> Edward T. DeLisle, Esq.
> Maria L. Panichelli, Esq.
> Cohen Seglias Pallas Greenhall & Furman,
> P.C.
> United Plaza, 19th Floor
> 30 South 17th Street
> Philadelphia, PA 19103
> Tel: 215-564-1700
> Fax: 215-564-3066
> E-mail: edelisle@cohenseglias.com