IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00087 CMA-KMT

UNITED STATES OF AMERICA, for the use and benefit of HUDSPETH & ASSOCIATES, INC., a Colorado corporation,

    Plaintiff,

v.

CENTERRE CONSTRUCTION, a Colorado Corporation;
MATSUO ENGINEERING, LLC, a Colorado Limited Liability Company;
MATSUO ENGINEERING CENTERRE CONSTRUCTION, a Joint Venture;
MATSUO-CENTERRE A JOINT VENTURE, LLC, a Colorado Limited Liability Company; and
BERKLEY REGIONAL INSURANCE COMPANY, a Delaware corporation,

    Defendants and Third Party Plaintiffs.

vs.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland Company

    Third-Party Defendant.

### DEFENDANTS/THIRD-PARTY PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE EXPERT TESTIMONY

In response to the Rule 702 Motion of Defendants/Third-Party Plaintiffs Centerre Construction, Matsuo Engineering, LLC, Matsuo Engineering Centerre Construction, a Joint Venture, Matsuo-Centerre a Joint Venture, LLC and Berkley Regional Insurance Company (collectively, "the Defendants") to exclude certain expert testimony disclosed by Plaintiff Hudspeth & Associates, Inc. and Third-Party Defendant Fidelity and Deposit Company of Maryland (collectively, for purposes of this motion, "Hudspeth"), Hudspeth failed the address Defendants' arguments and offered no reason why the Court should permit Hudspeth (1) to call one of Defendants' principals as its expert, which will

confuse the jury and prejudice Defendants, when the testimony and admissions are otherwise admissible; (2) to have its own employees provide expert opinions formed for trial without disclosing the required expert report; and (3) to disclose, at this late stage, two new witnesses as both fact witnesses and expert witnesses without any attempt to make an expert disclosure for them.[1]

The common thread with all of Hudspeth's expert disclosures is the lack of any retained experts and their associated expert reports. This Court should not permit Hudspeth to (1) shroud fact deposition testimony from Mr. Matsuo in the cloak of expertise, (2) rely on the opinions of its employees formed specifically for trial, and (3) use Defendants' project consultants as experts. The Federal Rules of Civil Procedure and case law limit Hudspeth's expert testimony as set forth in Defendants' Rule 702 motion. See Scholl v. Pateder, 2011 WL 2473284, at *4-6 & n.3 (prohibiting non-retained expert from testifying about opinions not formed contemporaneously with their involvement in the underlying facts) (D. Colo. June 22, 2011). When expert testimony is developed for trial (as opposed to opinions formed contemporaneously with the underlying facts), the Federal Rules of Civil Procedure require more than a brief list of opinions and facts. Federal Rule of Civil Procedure (Fed. R. Civ. P.) 26(a)(2)(B) requires disclosure (prior to trial) of, *inter alia*, the witnesses qualifications, opinions, the reasons, methods and factual basis for those opinions, the exhibits used to summarize or support them. Here Hudspeth is attempting to circumvent that rule by using expert

---

[1] Defendants note that Hudspeth failed to comply with the Court's page limit for responses to motions. Because minor technical matters that do not directly affect substantive issues will have little, if any affect, on the resolution of the case, Defendants do not move to strike Hudspeth's brief.

testimony and opinions developed for this litigation from Defendants' employee, its own employees, and from Defendants' consultants without having to make such disclosures. Defendants will briefly address Hudspeth's arguments in response to the Rule 702 motion for each category of witnesses: (1) Mr. Matsuo; (2) Hudspeth's employees; and (3) Defendants' consultants. For the reasons in Defendants' Rule 702 motion and below, the Court should not permit Hudspeth to circumvent the disclosure requirements and grant Defendants' Rule 702 Motion.

**I. The Relevance of Mr. Matsuo's Testimony Does Not Address Defendants' Arguments that Mr. Matsuo's Disclosed "Opinions" are Not Expert Testimony and that, So Qualifying Him will Confuse the Jury and Prejudice Defendants**

In their Rule 702 Motion, Defendants requested that the Court preclude Hudspeth from calling Mr. Matsuo as an expert witness because the disclosed opinions were not the proper subject of expert testimony for two reasons: (1) they constituted legal opinions and/or were not "scientific, technical, or other specialized knowledge" for which expert testimony is permitted; and (2) that having Hudspeth qualify Mr. Matsuo, who is a principal of one of the Defendants, as an expert would confuse the jury and prejudice Defendants. In response, Hudspeth focuses on the relevance of the deposition testimony of Mr. Matsuo disclosed by Hudspeth as his expert opinions. (Opp. at 3-9.) Importantly, Defendants did not (and do not intend to object) to Hudspeth calling Mr. Matsuo as a fact witness and using his deposition testimony in a manner consisted with the Federal Rules of Evidence. (See Rule 702 Motion at 10 n. 4.) Defendants' objection is merely to Hudspeth's attempts to cloak Mr. Matsuo's fact witness deposition testimony as an expert opinion.

With respect to the opinions that offer pure legal conclusions (Matsuo Opinions

3

C, G, and I), (see Rule 702 Motion at 8-9 & Ex. 3 at 2-3), Hudspeth's only response is that the Court's instructions to the jury, and not Mr. Matsuo, would state the law. (Opp. at 6.) While Hudspeth is correct that the jury instructions will provide the law to the jury, Hudspeth should be precluded from offering Mr. Matsuo's statements about the duties of a general contractor under a contract (Opinion C), the requirements incumbent upon a contractor when bidding a job (Opinion G), and the notice requirements in a contract (Opinion I) (see Ex. Rule 702 Motion Ex. 3 at 2-3), as expert testimony when they are purely legal questions derived from interpretations of the relevant statutes, regulations, and Contract terms. See Specht v. Jensen, 853 F.2d 805, 807-08 (10th Cir. 1988) (holding that experts may not testify as to legal conclusions as those are within the province of the trial judge and permitting such testimony is likely to confuse the jury).[2]

Hudspeth's attempt to compare Mr. Matsuo's disclosed opinions with those of Defendants' experts further demonstrates that the excerpts from Mr. Matsuo's deposition testimony are not expert opinions. Defendants correctly note that Ms. McGourty will offer an opinion on "the impact to the Project Schedule due to Hudspeth's failure to complete its work in a timely fashion" and that, as part of that opinion, Ms. McGourty analyzed the facts related to Hudspeth abandoning the project. (Opp. at 7-8.) Ms. McGourty's expert opinion relates the schedule impact, not whether Hudspeth abandoned the project. Hudspeth is free to call Mr. Matsuo and obtain his testimony

---

[2] Without citation to anything, Hudspeth refers to Mr. Matsuo's "un-challenged specialized knowledge and experience in construction contracting" twice in its opposition. (Opp. at 6.) Mr. Matsuo and Matsuo Engineering have only been involved, as general contractors, in two other construction contracts. (Deposition of Alan Matsuo dated November 14, 2014 at 16:20-17:14, an excerpt of the cited testimony is attached as Exhibit A.)

4

about the abandonment of the project, a factual matter, but not to dress that testimony up as an expert opinion.

Finally, with respect to prejudice, Hudspeth only offers one distinguishable case and argues that Defendant's only claim prejudice "because [the opinions are] relevant, material, and adverse." (Opp. at 6). Defendants' prejudice argument hinged on calling Mr. Matsuo as an expert, not that his deposition testimony "opinions" were so prejudicial that Hudspeth could not present them during Hudspeth's case in chief. The only case cited by Hudspeth, Kems v. Pro-Foam of S. Ala., Inc., solely addressed the question of whether a plaintiff could call defendant's retained expert to cross-examine them during their case in chief. 572 F. Supp. 2d 1303, 1310 (S.D. Ala. 2007). There was no question in that case as to whether the testimony was properly the subject of expert testimony and the witness was being offered as an expert witness by the defense. Id. Conversely here, Defendants have no objection to Hudspeth calling Mr. Matsuo in their case in chief, only his status as an expert witness. Defendants do not intend to call (and have not disclosed) Mr. Matsuo as an expert witness. Accordingly, the case cited by Hudspeth is wholly distinguishable and irrelevant and Hudspeth has made no argument to rebut Defendants claim of prejudice. Therefore, the Court should grant Defendants' Rule 702 motion as to Mr. Matsuo and preclude Hudspeth from calling Mr. Matsuo as an expert witness.

## II. Plaintiff's Employees Cannot Opine on Opinions Formed for Litigation

In response to Defendants' Rule 702 motion seeking to preclude Messrs. Moss and Condon from offering expert opinions formed for trial without first disclosing an expert report, Hudspeth essentially argues that the opinions are "project-based

opinions" without explaining how or why they would form such opinions prior to preparation for trial. For example, with respect to the cost opinion testimony disclosed for both Messrs. Moss and Condon, Hudspeth contends that, because they apparently put together the pay applications for Hudspeth, they necessarily formed opinions about the reasonableness of those costs based on "industry experience for like work in the same geographic location." (Rule 702 Motion Ex. 4 at 5, 7.) Hudspeth points to nothing in the record (or in its disclosure) to show that Messrs. Moss and Condon formed an opinion about the reasonableness of their charged costs based on industry experience when preparing the pay applications. The more likely scenario is that, like a retained forensic accountant and/or cost-expert, Messrs. Moss and Condon have developed an opinion supporting the reasonableness of those costs *for trial.*

Similarly, Defendants' did not object to the rebuttal opinions of Mr. Condon solely because they were disclosed in rebuttal as stated by Hudspeth. (Opp. at 14.) Rather, a review of the opinions makes it clear that they were formed – not contemporaneously with the project – but to rebut Defendants' experts. Although there are too many to address each one, the following examples make it clear that these are not contemporaneous "project-based opinions." Condon's rebuttal disclosure contains the opinion that "[a]dditional containments that were constructed for increased ACM and/or OSHA demolition are not accounted for in any computation of rate ***articulated by MC or its experts***." (Rule 702 Motion Ex. 4 at 4.) Similarly, Mr. Condon also purports to opine that "***it is now known*** that MC was concealing material information from Hudspeth. ***Any characterization of Hudspeth's conduct as 'abandonment' is unreasonable and inappropriate***." (Id. at 5.) These are expert opinions that directly

address the opinions of Defendants' experts and rely upon knowledge gained during the litigation. Mr. Condon could not possibly have formed these opinions contemporaneously with his work on the Project. Thus, these opinions cannot be the subject of expert testimony without an expert report. See Scholl v. Pateder, No. 09-CV-02959-PAB-KLM, 2011 WL 2473284, at *4-5 (D. Colo. June 22, 2011);[3] Cook v. Rockwell Int'l Co., 233 F.R.D. 598, 600 & n.3 (D. Colo. 2005).

### III. Hudspeth Offers No Explanation for their Failure to Disclose Any Expert Opinions for Ms. Samuels and Mr. Troyer

Finally, in response to the Rule 702 motion to exclude the testimony of Ms. Samuels and Mr. Troyer, Hudspeth apparently concedes that it cannot call these witnesses as expert witnesses and makes no effort to excuse its inclusion of them on its "expert disclosures" without making an expert disclosure of any kind. (Opp. at 14-15.) The only question remaining is whether Hudspeth can call these witnesses as fact witnesses to rebut Defendants' experts.

As an initial matter, Hudspeth citation to deposition testimony from Jesse Steinert provides no basis to exclude Hudspeth's late amendment of its initial disclosures. (Opp. at 15-16.) Hudspeth knew, as of that deposition, the scope of the Walsh report and could have disclosed Mr. Troyer at that time.

More importantly, Hudspeth fails to address Defendants contention that any

---

[3] Hudspeth fails to distinguish Scholl. Hudspeth cannot show that Messrs. Moss and Condon reached an expert opinion on Hudspeth's costs when submitting the pay applications and it is categorically impossible for Mr. Condon to have reached expert opinions based on discovery information and on the reasonableness and correctness of Defendants' expert opinions prior to discovery in this litigation and the disclosure of Defendants' expert report. These are not contemporaneous opinions and, therefore, like the opinion of the treating physician as to the cause of an injury not needed for the treatment of a patient, Hudspeth was required to disclose an expert report.

7

testimony by Ms. Samuels and Mr. Troyer will necessarily involve expert testimony based on the specialized and technical subject matter of their testimony (construction scheduling and asbestos abatement surveys. See Cook, 233 F.R.D. at 602 (finding that a party could not call an expert in epidemiology at DOE nuclear facilities as a non-expert based on their personal knowledge, where party that failed to disclose witness as an expert). Because Hudspeth failed to make an expert disclosure for these witnesses and because these witnesses' testimony will necessarily contain scientific, technical and specialized knowledge, the Court should preclude Hudspeth from calling these witnesses.[4]

## IV. Conclusion

For the foregoing reasons and the reasons stated in Defendants' initial motion, Defendants respectfully request that this Court grant Defendants' motion and preclude Hudspeth from (1) calling Mr. Matsuo as an expert witness; (2) having Mr. Moss testify about Moss Opinion C; (3) having Mr. Condon testify about his Condon Opinion D and the opinions disclosed in Hudspeth's rebuttal expert disclosure; (4) calling Ms. Samuels as a witness; (5) calling Mr. Troyer as a witness; and (6) having any of Hudspeth's non-retained witnesses testify about opinions formed specifically for trial.

---

[4] To the extent Hudspeth is concerned about laying the foundation for documentary evidence such as the Scheduling Consultants schedules (Opp. at 17), Defendants submit that the timely disclosed fact witnesses that received those schedules for the Defendants should be sufficient to lay the foundation for documentary evidence. Hudspeth has made no attempt to reach a stipulation on any such exhibits either.

Respectfully submitted,

Dated: April 3, 2015

*/s/ J. Douglas Scherling, Esq.*
J. Douglas Scherling, Esq.
7086 Bell Drive
Colorado Springs, CO 80920
Tel: 719-229-7739
E-mail:  JDScherling@gmail.com

*/s/ Edward T. DeLisle, Esq.*
Edward T. DeLisle, Esq.
Maria L. Panichelli, Esq.
Cohen Seglias Pallas Greenhall & Furman, P.C.
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103
Tel: 215-564-1700
Fax: 215-564-3066
E-mail: edelisle@cohenseglias.com

*Attorneys for Defendants/Counterclaimants*
*Centerre Construction, Inc.*
*Matsuo Engineering, LLC*
*Matsuo Engineering Centerre Construction A Joint Venture*
*Matsuo-Centerre A Joint Venture, LLC, and*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April, 2015 a true and correct copy of foregoing Defendants/Third Party Plaintiffs' Reply in Support of Their Motion to Exclude Expert Testimony was filed with the clerk of court via CM/ECF, which will send an email notification of this filing to the following individuals:

>Reed F. Morris, Esq.
>Craig T. Watrous, Esq.
>Mallon & Lonnquist, LLC
>3200 Chery Creek South Drive
>Denver, CO 80209
>*Attorneys for the Plaintiff*

>*/s/ J. Douglas Scherling, Esq.*
>J. Douglas Scherling, Esq.
>7086 Bell Drive
>Colorado Springs, CO 80920
>Tel: 719-229-7739
>E-mail: JDScherling@gmail.com

>*/s/ Edward T. DeLisle, Esq.*
>Edward T. DeLisle, Esq.
>Maria L. Panichelli, Esq.
>Cohen Seglias Pallas Greenhall & Furman, P.C.
>United Plaza, 19th Floor
>30 South 17th Street
>Philadelphia, PA 19103
>Tel: 215-564-1700
>Fax: 215-564-3066
>E-mail: edelisle@cohenseglias.com